IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANTHONY CHARLES GARRETT,         )<br>ID # 1701998                                         )<br>    Petitioner,              )<br>vs.                                                          )<br>                                                               )<br>LORIE DAVIS,[1] Director,                   )<br>Texas Department of Criminal          )<br>Justice, Correctional Institutions Division, )<br>    Respondent.           ) | No. 3:15-CV-2553-N-BH<br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DENIED** with prejudice.

**I. BACKGROUND**

Anthony Charles Garrett (Petitioner) challenges his convictions for aggravated assault with a deadly weapon. The respondent is Lorie Davis, Director of TDCJ-CID (Respondent).

**A.     Procedural History**

On June 17, 2010, the State indicted Petitioner for aggravated assault with a deadly weapon in Cause Nos. F10-1024587 (doc. 13-2 at 5)[2] and F10-1024588 (doc. 13-12 at 4). Each indictment included enhancement paragraphs alleging that he had been previously convicted of burglary of a habitation in 1981 and 1990.

On January 25, 2011, Petitioner pleaded not guilty in both cases in the 265th Judicial District

---

[1] Lorie Davis succeeded William Stephens as Director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Under Rule 25(d) of the Federal Rules of Civil Procedure, she "is automatically substituted as a party."

[2] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Court of Dallas County, Texas. (Doc. 13-5 at 4, 6.) His attorney stated that he was not ready for trial because of a lack of communication with Petitioner; Petitioner did not want him as counsel, did not want to proceed to trial, and would not listen to his advice. (*Id*. at 6-7.) Counsel had investigated the case and obtained discovery from the State, and he was ready for trial but for Petitioner's lack of cooperation. (*Id*.) A doctor had told him the night before the plea hearing that there might be hospital records regarding psychological problems. (*Id*.) Counsel stated that those records might be useful at the punishment phase, but he needed to investigate them. (*Id*.) The court denied Petitioner's request for a continuance or new counsel. (*Id*. at 11.)

After consulting further with counsel, Petitioner entered pleas of guilty to the offenses without a plea agreement and pled true to the enhancement allegations. (*Id*. at 12-16.) The court informed him of the range of punishment with the enhancement allegations. (*Id*. at 14.) Petitioner acknowledged that he understood the nature of the charges against him, the punishment range, the consequences of pleading guilty, and his rights. (Docs. 13-2 at 30-31, 13-12 at 16-17.) He acknowledged that he knowingly, freely, and voluntarily waived his rights and pled guilty to the offenses and true to the enhancement allegations. (Docs. 13-2 at 30-31, 13-5 at 14-16, 13-12 at 16-17.) He admitted and judicially confessed that he committed the offenses as alleged in the indictments and that the enhancement allegations were true. (Docs. 13-2 at 30-33, 13-12 at 15-18.) The court found that the pleas were voluntary and that the evidence supported the allegations beyond a reasonable doubt, but it deferred making a finding of guilty. (Docs. 13-2 at 35, 13-5 at 17, 13-12 at 20.) On February 24, 2011, the court found Petitioner guilty of the offenses, found the enhancement alleges were true, and sentenced him to 25 years' imprisonment in each case, to run concurrently. (Docs. 13-2 at 34, 13-7 at 16-17, 13-12 at 19.)

2

The judgments were affirmed on appeal. *Garrett v. State*, Nos. 05-11-00304-CR & 05-11-00305-CR, 2012 WL 3089314 (Tex. App. – Dallas July 27, 2012). Petitioner's petitions for discretionary review were refused. *Garrett v. State*, PD-1099-12 & PD-1100-12 (Tex. Crim. App. Jan. 9, 2013). He filed a state habeas application that challenged his conviction in No. F10-1024588, signed on October 24, 2013, which was received by the state court on October 30, 2013. (Doc. 13-30 at 5, 16.) On July 8, 2015, it was denied without written order on the findings of the trial court. (Doc. 29); *see Ex parte Garrett*, WR-59,739-05 (Tex. Crim. App. July 8, 2015). He did not file a state habeas application that challenged his conviction in No. F10-1024587.

**B.     Substantive Claims**

Petitioner's habeas petition, signed on July 27, 2015, raises the following grounds:

(1) Trial counsel was ineffective because he:

   (a) told the trial court that he was not prepared for trial;

   (b) failed to file a motion contesting the State's failure to file a notice of intent to enhance;

(2) The trial court abused its discretion in enhancing his sentences, because the prior convictions were too old;

(3) The trial court did not give counsel time to prepare, in violation of his right to due process;

(4) The evidence was insufficient to support the convictions.

(Doc. 3 at 6-7, 25-38.) Respondent filed a response on December 3, 2015.[3] (Doc. 14.)

---

[3] Respondent asserts that Petitioner's claims regarding his conviction in No. F10-1024587 are unexhausted because he did not challenge that conviction in his state habeas application. "[N]otwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State", courts may deny a habeas petition on the merits. 28 U.S.C. § 2254(b)(2); *see also Jones v. Jones*, 163 F.3d 285, 299 (5th Cir. 1998) (reaffirming pre-AEDPA law that "when, as in this case, exhaustion is not waived, courts have the 'discretion in each case [under § 2254(b)(2)] to decide whether the administration of justice would be better served by insisting on exhausting or by reaching the merits of the petition forthwith'"). In this case, the administration of justice would be better served by bypassing the exhaustion issue and
(continued...)

3

## II. APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law within the meaning of § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). As for the "unreasonable application" standard, a writ must issue "if

---

[3](...continued)
reaching the merits of the claims.

the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001).  Likewise, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply."  *Williams*, 529 U.S. at 407.  "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable."  *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000).  Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'"  *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000).  The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

### III.  INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense."  U.S. Const. art. VI.  It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal.  *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985).  To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient

performance prejudiced his or her defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *See* 466 U.S. at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

To show prejudice in the sentencing context, the Petitioner must demonstrate that the alleged deficiency of counsel created a reasonable probability that his or her sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief

6

under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

The *Strickland* test applies in the context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985). A guilty plea is "open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.'" *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980) (quoting *McMann v. Richardson*, 397 U.S. 759, 770–71 (1970)).

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). "[I]n a guilty plea scenario, a petitioner must prove not only that his attorney actually erred, but also that he would not have pled guilty but for the error." *See Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994).

**A.    Preparation for Trial**

Petitioner contends that counsel informed the trial court that he was not prepared for trial.

Counsel submitted an affidavit in response to the state habeas application. (Doc. 13-30 at 96.) It stated that he reviewed discovery material, filed pretrial motions, and consulted with Dr. William Flynn, a forensic psychologist, regarding mitigation at punishment. (*Id*. at 97.) Dr. Flynn thought that his testimony would be harmful to Petitioner. (*Id*. at 97.) Petitioner made an informed choice to plead guilty. (*Id*.) Petitioner was not cooperative with counsel in developing mitigation evidence and did not provide names of potential witnesses. (*Id*.) The state habeas court found that

7

counsel was credible and that Petitioner did not show he received ineffective assistance. (*Id*. at 94.)

Petitioner has not shown that counsel was not prepared for trial. He has not shown that he would have pleaded not guilty if not for counsel's trial preparation, or that the state court's rejection of this claim was unreasonable.

**B.    Enhancement Allegations**

Petitioner contends that counsel failed to file a motion contesting the State's failure to file a notice of intent to enhance.

The state habeas court determined that the indictment provided notice of the enhancement allegations, and that although Texas Rules of Evidence 609 requires that a notice of intent to impeach with a prior conviction be filed, a separate notice of intent to enhance under article 12.42 of the Texas Penal Code is not required. (*Id*. at 93-94.) Counsel was not required to present a meritless or futile motion, objection, or argument. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999); *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990). He has not shown that the state court's rejection of this claim was unreasonable.

### IV.  VOLUNTARINESS OF PLEA

Petitioner does not specifically assert that his plea was involuntary. To the extent that his federal habeas petition can be construed as raising a claim that the guilty plea was involuntary due to ineffective assistance of counsel, it lacks merit.

Inmates who challenge their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). They must also overcome the presumption of regularity and "great weight" accorded court records. *See United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994)

(holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillian v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight"); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding that court records "are entitled to a presumption of regularity").

As noted, Petitioner has not shown that he received ineffective assistance of counsel, and the plea documents and plea colloquy show his plea was voluntary. He has not overcome the "strong presumption of verity" given to his sworn testimony, *see Blackledge*, 431 U.S. at 73-74, or the "great weight" given to court documents, *Abreo*, 30 F.3d at 32. Petitioner has not shown that the state court's rejection of any claim of an involuntary plea was unreasonable. Any ground for relief concerning the voluntariness of the guilty plea should be denied.

## V. REMOTENESS OF PRIOR CONVICTIONS

Petitioner contends that the trial court abused its discretion in enhancing his sentences, because the prior convictions were too old.

"When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Henderson*, 411 U.S. at 267. Because Petitioner has not shown that his guilty plea was involuntary, this claim was waived. *See Barrientos v. United States*, 668 F.2d 838, 842 (5th Cir. 1982) (voluntary guilty plea "waives all non-jurisdictional defects in the proceedings against a defendant.").

This claim also lacks merit. The state habeas court determined that the remoteness of a prior conviction used for enhancement is immaterial. (Doc. 13-30 at 92, citing *Simmons v. State*, 493

9

S.W.2d 937 (Tex. Crim. App. 1973).) Petitioner has not shown that the state court's rejection of this claim was unreasonable.

## VI.  TIME TO PREPARE FOR TRIAL

Petitioner contends that the trial court did not give counsel time to prepare for trial, in violation of his right to due process.  This claim was waived by Petitioner's voluntary guilty plea. *See Barrientos*, 668 F.2d at 842.  It also lacks merit.

The state habeas court rejected this claim.  (*Id*. at 94.)  As noted, counsel had time to prepare for trial and was prepared, except for Petitioner's lack of cooperation regarding mitigation witnesses. He has not shown that the state court's rejection of this claim was unreasonable.

To the extent that Petitioner contends that the trial court should have granted his motion for new counsel, his claim is waived by the guilty plea.  That claim was also rejected on appeal because the motion was presented at the last-minute, counsel was prepared for trial, appointment of new counsel would have caused the trial to be delayed, and Petitioner did not show that new counsel was necessary.  *Garrett*, 2012 WL 3089314 at *3-4.  He has not shown that the state court's rejection of that claim was unreasonable.

## VII.  SUFFICIENCY OF EVIDENCE

Petitioner contends that the evidence was insufficient to support the convictions.

This claim was waived by Petitioner's voluntary guilty plea.  *See Kelley v. Alabama*, 636 F.2d 1082, 1083 (5th Cir. 1981) (a petitioner who pleads guilty waives the right to challenge the sufficiency and reliability of the evidence, because the guilty plea itself stands as evidence against the petitioner).  The claim also lacks merit.

"No federal constitutional issue is raised by the failure of the Texas state court to require

10

evidence of guilt corroborating a voluntary plea." *Smith v. McCotter*, 786 F.2d 697, 702 (5th Cir.1986). Under Texas state law, a judicial confession is sufficient evidence of guilt in a case in which a defendant enters a guilty plea. *See Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009). Petitioner signed judicial confessions in which he admitted to committing the offenses. (Docs. 13-2 at 33, 13-12 at 18.) The evidence was therefore sufficient to support the convictions. *See Cannon v. Shaw*, 3:13-CV-1752, 2014 WL 2753727 at *3 n.2 (N.D. Tex. June 17, 2014).

## VIII.  EVIDENTIARY HEARING

Upon review of the pleadings and the proceedings held in state court as reflected in the state court records, an evidentiary hearing appears unnecessary. Petitioner has not shown he is entitled to an evidentiary hearing.

## IX.  RECOMMENDATION

The petition for habeas corpus relief under 28 U.S.C. § 2254 should be **DENIED** with prejudice.

**SO RECOMMENDED** this 14th day of July, 2017.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

  A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____<br>
IRMA CARRILLO RAMIREZ<br>
UNITED STATES MAGISTRATE JUDGE